IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND and, NORTHERN ILLINOIS AND IOWA LABORERS HEALTH AND WELFARE TRUST, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | No. 06-3234 |
| AERO CONCRETE, LTD., | ) ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Plaintiffs' motion to strike the Defendant's affirmative defenses.

This is an action which arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1145. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, a party shall set forth any affirmative defenses in the responsive pleading to a complaint. The

1

Plaintiffs allege that the Defendant's second, third and fourth affirmative defenses are "legally insufficient, patently defective, and do not meet the pleading requirements of the Federal Rules of Civil Procedure."

The Plaintiffs claim that in the Defendant's affirmative defense alleging waiver, the Defendant admits that the Plaintiffs never clearly and unmistakably relinquished their rights.  Moreover, the Defendant's affirmative defense alleging laches is legally insufficient because the Defendant does not allege that undue delay occurred when the Plaintiffs filed their lawsuit.  The Plaintiffs assert that the Defendant's estoppel defense is also legally deficient because Defendant's pleading shows an unreasonable reliance, which makes it impossible for the Defendant to defeat Plaintiffs' claims.

The Plaintiffs further contend that in addition to legally insufficient defenses, the Defendant's defenses are patently defective because they allege time periods inconsistent with the Plaintiffs' complaint.  The affirmative defenses also contain contradictory allegations as to the relevant time periods.  The Plaintiffs' claim, therefore, that the Defendant has failed to set

forth short and plain statements of its defenses as required by the Federal Rules of Civil Procedure. Because of these alleged defects, the Plaintiffs assert that Defendant's affirmative defenses cannot succeed under any circumstances.

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See Fed. R. Civ. P. 12(f). Some courts have observed that motions to strike are sometimes disfavored because they are often employed to create delay. See United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975), Van Schouwen v. Connaught Corp., 782 F. Supp. 1240, 1245 (N.D. Ill. 1991). The Northern District of Illinois stated:

> Indeed, motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record-such as on a motion for summary judgment. Accordingly, courts are typically reluctant to decide disputed or substantial issues of law on a motion to strike.

Van Schouwen, 782 F. Supp. at 1245.

3

The Plaintiffs note that the sufficiency of an affirmative defense must also be tested under the standard of Rule 12(b)(6). Complaints should rarely be dismissed for failure to state a claim upon which relief can be granted. See Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005) ("Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?"). "Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b)." Kolupa v. Roselle Park District, 438 F.3d 713, 715 (7th Cir. 2006).[1]

Based on the foregoing, it is apparent that a plaintiff need not meet a heightened pleading standard during the early stages of litigation. A complaint should typically not be dismissed for not being sufficiently specific or for containing some allegations which may be inconsistent. In answering a complaint, a defendant should not be held to a more stringent

---

[1] Rule 9(b) provides in pertinent part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

standard.  Accordingly, it should rarely be appropriate for a court to strike an affirmative defense.

The defenses at issue in this case–waiver, laches and estoppel–must affirmatively be raised "[i]n pleading to a preceding pleading."  A defendant that fails to set forth one of these affirmative defenses may be significantly prejudiced for its neglect.  Conversely, it is difficult to imagine any prejudice that would result to a plaintiff if a court declined to strike an affirmative defense in the early stages of the case.  If an affirmative defense is entirely devoid of merit, the defense likely will not be asserted by the defendant at a subsequent stage in the litigation.  If a defense is arguably applicable, then the issue could subsequently be revisited.

Because a plaintiff is typically not prejudiced when a defendant raises an affirmative defense, there is usually no need for a court to decide whether there is a legitimate basis for such a defense.  The federal district courts would be significantly burdened if they got involved every time there was a dispute regarding the factual basis of an affirmative defense.

<u>Ergo</u>, the Plaintiffs' motion to strike the Defendant's affirmative

defenses [d/e 8] is DENIED.

ENTER: January 3, 2007

                              FOR THE COURT:

                                                s/Richard Mills
                                                United States District Judge